|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |

| | |
|---|---|
| Lynda S., <br>     Plaintiff, <br> vs. <br> Martin O'Malley, Commissioner of Social Security, et al., <br>     Defendant. | 2:24-cv-00104-MDC <br><br> **ORDER GRANTING PLAINTIFF LYNDA S.'S MOTION FOR REMAND (ECF NO. 21) AND DENYING THE COMMISSIONER'S COUNTERMOTION TO AFFIRM (ECF NO. 15)** |

Plaintiff Lynda S. filed a *Motion for Remand* regarding the Administrative Law Judge's ("ALJ") final decision denying her social security benefits. ECF No. 21. The Commissioner filed a *Countermotion to Affirm*. ECF No. 15. The Court the GRANTS Motion to Remand and DENIES the Motion to Affirm. ECF Nos. 21 and 15.

I. **BACKGROUND**

Plaintiff filed an application for a period of disability and disability insurance benefits on October 12, 2020, alleging disability commencing on May 2, 2016. AR 95, 232, 265. The ALJ followed the five-step sequential evaluation process to guide the decision. 20 C.F.R. § 416.924(a). The ALJ agreed that plaintiff did not engage in substantial gainful activity since her alleged onset date. AR 20. The ALJ found that plaintiff suffered from medically determinable severe impairments consisting of lumbar spine degenerative disc disease; degenerative joint disease of the left knee; osteoarthritis gluteal tendinitis/trochanteric bursitis of the right hip; sigmoid diverticulitis/IBS; major depressive disorder; panic disorder; generalized anxiety disorder; and insomnia. AR 20. The ALJ decided that the impairments did not meet or equal any "listed" impairment. AR 24, citing 20 C.F.R. part 404, subpart P, Appendix 1. The ALJ determined that plaintiff retained the residual functional capacity ("RFC") to

perform the demands of light exertion work, as defined in 20 C.F.R. § 404.1567(b), subject to the following restrictions:

> occasional use of right foot pedals, occasional climbing of stairs and ramps, no climbing of ladders, ropes, and scaffolds, occasional balancing, stooping, kneeling, and crouching, but no crawling; no exposure to temperature extremes or humidity, vibration, or to hazards, including unprotected heights and dangerous moving machinery; and, access to restroom facilities on premises. Despite mental impairment, the claimant is able to understand, carry out, and remember simple work instructions, use judgment to make simple work-related decisions, accept supervision and interact with, co-workers and members of the general public, adapt to change in a routine work setting, and maintain concentration, persistence and pace over a two-hour period, an eight hour workday and forty hour workweek, to perform simple work tasks.

AR 24.

The ALJ found plaintiff unable to perform any of her past work. AR 32. The ALJ found that there is a significant of number of jobs existing in the national economy which plaintiff could still perform. AR 33. The ALJ determined that plaintiff is not disabled. AR 34. Plaintiff argues in her Motion to Remand that the ALJ failed to meet his burden at step five because the ALJ accepted, without question, vocational expert ("VE") testimony which was void of any indicia of reliability. ECF No. 21 at 6. The Commissioner argues in opposition that substantial evidence supports the ALJ's step five finding. ECF No. 15 at 3. Plaintiff argues in her reply that the ALJ erred because the VE must be reliable. ECF No. 16 at 4.

## II. DISCUSSION

### A. Legal Standard

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. Const. amend. V. Social security plaintiffs have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Once a claimant establishes at steps one through four of the sequential evaluation process that she suffers from a severe impairment that prevents her from doing

any work she has done in the past, or that she has a severe impairment and has no relevant past work, she has made out a prima facie case of a disability. See *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden then shifts to the Commissioner at step five to establish that the claimant can perform a "significant number[]" of jobs in the national economy given the claimant's physical and mental limitations, age, education, and work experience. 20 C.F.R. § 416.960(c)(2). "On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). "To qualify as substantial evidence, the testimony of a vocational expert must be reliable…." *Jones v. Heckler*, 760 F.2d 993, 998 (9th Cir. 1985).

Regarding reasoning levels, "level-one jobs require only 'simple one-or two-step instructions' but level-two jobs require 'detailed but uninvolved ... instructions.'" *Leach v. Kijakazi*, 70 F.4th 1251, 1256 (9th Cir. 2023). "[R]easoning Level 3, unlike reasoning Level 2, is not limited to "uninvolved" instructions," but requires "an ability to work with more complex instructions." *Luchsinger*, 2023 WL 3735568, at *2. If, "there is an unresolved conflict between the VE's testimony about the jobs the claimant could perform, given her RFC, and the DOT's descriptions of those jobs, a remand to the agency is generally warranted, *Massachi v. Astrue*, 486 F.3d 1149, 1153–54 (9th Cir. 2007), unless we can determine that the error was harmless." *Luchsinger v. Kijakazi*, No. 22-55599, 2023 U.S. App. LEXIS 13372, at *2 (9th Cir. May 31, 2023) "[A]n ALJ is required to investigate and resolve any apparent conflict between the VE's testimony and the DOT, <u>regardless of whether a claimant raises the conflict before the agency[.]</u>" *Luchsinger*, 2023 WL 3735568, at *2. (quoting *Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017); citing *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2018).

B. Analysis

Plaintiff was forty-eight years old (considered a younger individual) on her alleged onset date, and she was fifty-three (considered closely approaching advanced age) as of her date last insured. AR

95. She has a high school education and work experience as an administrative assistant for a construction company. AR 266-67. At the administrative hearing, the ALJ asked a VE to consider a person with plaintiff's age, education, work experience, and functional limitations. AR 88-89. The VE classified plaintiff's past relevant work as that of an administrative clerk (DICOT2 219.362-010), a light exertion and semi-skilled occupation. AR 88. The VE testified that a person with the RFC assessed by the ALJ would not be able to perform plaintiff's past relevant work. AR 88-89. The VE stated that such an individual could work as (1) a mail clerk, with 71,000 jobs in the national economy; (2) a marking clerk, with 268,000 jobs; and (3) a ticket taker, comprising 85,900 jobs in the national economy. AR 89. Based on the VE's testimony, the ALJ found at step five that plaintiff could perform jobs existing in significant numbers in the national economy. AR 33-34.

Plaintiff argues that she was unable to perform the jobs on which the ALJ relied because her limitation to "simple" work precluded her from performing occupations at reasoning level 3. ECF No. 13 at 6-8. The problem is that two of the three jobs on which the ALJ relied (mail clerk and ticket taker) were at reasoning level 3. The Commissioner argues, however, that the marking clerk position, with 268,000 jobs, is at reasoning level 2. See U.S. Dep't of Labor, Dictionary of Occupational Titles, #209.587-034, available at 1991 WL 671802 (marker). The Commissioner appears to concede that the ALJ erred, but the Commissioner argues that the marker position alone constitutes a significant number of jobs for purposes of satisfying the Commissioner's burden at step five. The Court notes, however, that the Commissioner does not argue that the ALJ's errors are harmless, which the Court must determine here. The Court finds that the ALJ erred in relying on the mail clerk and ticket taker[1], but in this case, the Court cannot determine if the errors were harmless for multiple reasons.

The ALJ had the burden at the fifth step to determine if the VE was reliable. See *supra*, *Jones v.*

---

[1] Plaintiff also argues that the vocational expert's estimates of job numbers for other occupations, such as for "addresser" and "document preparer," were unreliable. ECF No. 13 at 8-11.

*Heckler*, 760 F.2d 993, 998 (9th Cir. 1985). In this case, the VE offered conflicting testimony that the ALJ did not question, despite the ALJ's burden to do so. For example (although the ALJ did not ultimately rely on this testimony) the VE testified that he was unable to provide specific job numbers for at least one of the occupations, specifically, the production helper. ECF No. 92-93. As discussed above, the ALJ also failed to address and clarify the VE's testimony and proposal of the mail clerk and ticket taker occupations which are not viable options for plaintiff. Despite these inconsistencies and conflicts, the ALJ accepted, without question, and ultimately relied on, the VE's testimony about the job numbers for the marker position. *See Luchsinger*, 2023 U.S. App. LEXIS 13372, at *2 (ALJ required to investigate and resolve apparent conflict raised by VE's testimony).

The Court finds that the Commissioner has not shown that the ALJ's errors are harmless as the ALJ relied on the VE's unreliable testimony. The Court cannot determine if substantial evidence supports the ALJ's step-five finding on this record. Since the Court cannot determine if substantial evidence supports the ALJ's conclusions, the Court remands this case for further proceedings to clarify the record.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff Lynda S.'s *Motion for Remand* (ECF No. 21) is GRANTED.

2. The Commissioner's *Countermotion to Affirm* (ECF No. 15) is DENIED.

1. The Clerk of Court be DIRECTED to enter final judgment in favor of the plaintiff and close this case.

Date: December 17, 2024.

Hon. Maximiliano D. Couvillier III
United States Magistrate Judge